### WM. COLBY *vs.* E. E. BAILEY.

#### APPEAL FROM POLICE COURT, HONOLULU.

#### APRIL TERM, 1884.

#### JUDD, C. J.; McCULLY and AUSTIN, JJ.

The defendant sold to the plaintiff the stock and goodwill of his business, and covenanted not to "enter into or carry on any retail business in Honolulu for three years, in a penalty and forfeiture of $2,000," to be paid on any breach.

Held, affirming the judgment of the Court below, that the "penalty" was liquidated damages.

#### OPINION OF THE COURT BY AUSTIN, J.

THIS case comes here on appeal from the Police Court of Honolulu, where the plaintiff was non-suited, upon the ground that the Court had no jurisdiction.

The action was to recover damages for breach of covenant.

On the trial the plaintiff produced a contract between the parties, dated October 4, 1883, whereby the defendant sold the plaintiff, in consideration of $5,000, all the stock, fixtures and goodwill of his business, known as "The Ten-Cent Store," carried on at 109 Fort street, Honolulu, and among other things covenanted and agreed as follows: "That I will not enter into or carry on any retail business in Honolulu aforesaid, for and during and until the full end and term of three years from October 23, 1883, and in a penalty and forfeiture of $2,000, which said sum I do hereby bind myself, my executors and administrators to pay to the said party of the second part or his heirs, executors, administrators or assigns upon any breach of the said covenant."

The defendant claims that the sum of $2,000, named in the contract, is liquidated damages, and so the suit should have been in debt to recover the whole sum, and that of the suit as brought the Court had no jurisdiction.

The plaintiff claims that the $2,000 is a mere penalty and security for whatever damages should arise from breach, and claims

that he has a right to sue as he did, and to sue again as often as a breach should arise.

There are strong authorities which favor the views of both parties, and the question involved has given rise to many judicial differences; but after considerable examination we are convinced that the true rule which ought to govern in such cases is well laid down in *Saintor vs. Ferguson*, 7 C. B., 716, quoted in a note to Parsons on Contracts, Vol. 2, p. 434, second edition. "The defendant agreed not to practice as surgeon or apothecary at Macclesfield, or within seven miles thereof, under a penalty of £500. It was held that the £500 was not a penalty, but liquidated damages."

Coltman, J., said: "Although the word 'penalty,' which would *prima facie* exclude the notion of stipulated damages, is used here, yet we must look at the nature of the agreement and the surrounding circumstances to see whether the parties intend the sum mentioned to be a penalty or stipulated damages. Considering the nature of the agreement, and the difficulty the plaintiff would be under in showing what specific damage he had sustained from the defendant's breach of it, I think we can only reasonably construe it to be a contract for stipulated and ascertained damages."

The rule that the intent should govern, irrespective of the special words used or omitted, as shown by the nature of the agreement and the surrounding circumstances, seems to be approved by Parsons on Contracts, Vol. 2, pp. 434, 435, and by Greenleaf's Evidence, Vol. 2, Sections 257, 258.

This is followed in many cases. In *Chamberlain vs. Bagley*, 11 N. H., 240, it was agreed to pay $500 as a forfeiture in case of breach, and it was held liquidated damages.

In *Holbrook vs. Torrey*, 66 Maine, 412, many cases are cited where the word "penalty." alone is used, and yet it was held to be liquidated damages. The rule stated is approved in *Dwinel vs. Brown*, 54 Maine, 468.

We shall adopt it for our guide in the case at bar.

Recurring then to the contract, it was an engagement to sell a retail business and the goodwill of it to the plaintiff, and the de-

fendant agreed not to engage in a retail business in Honolulu for three years; and in a penalty and forfeiture of $2,000 bound himself to pay to the plaintiff said sum upon any breach of the said covenant.

The damages in case of any breach are manifestly uncertain, and impossible of definite ascertainment.

And the defendant expressly agrees to pay said sum of $2,000 in case of any breach. This shows a clear intent of the parties to treat the amount as stipulated damages.

See *Chamberlain vs. Bagley*, 11 N. H., 240.

We shall so hold.

The plaintiff further claims that he had a right to waive the balance of $2,000 mentioned in the contract, and sue as here for $200 damages. The suit is for unliquidated damages, and, if we are right, should have been for a fixed sum in debt. We think he could not at the trial so change the nature of his cause of action.

The judgment below is affirmed, with costs.

*C. W. Ashford*, for plaintiff.

*W. A. Whiting* and *W. R. Austin*, for defendant.

Honolulu, May 29, 1884.